UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 07-cr-20052-04-04 |
| -vs- | JUDGE DRELL |
| LEON PAPILLION JR (04) | MAGISTRATE JUDGE PEREZ-MONTES |

### RULING AND ORDER

Before the Court is a motion filed by defendant Leon Papillion ("Defendant" or "Papillion") for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 692). For the following reasons the motion is **DENIED**.

### I. Background

In 2007, a grand jury issued a multicount, multidefendant Indictment charging Papillion with five separate counts. (Doc. 1). According to investigative reports, Papillion and codefendants participated in a robbery scheme spanning three years in which targets were identified and home invasions organized. (Presentence Investigation Report "PSR" ¶ 11). On occasion, targets were known drug traffickers, and defendants would commit home invasions with intent to steal and thereafter distribute stolen drugs. Id. A trial was held in 2009, and a jury found Papillion guilty of conspiracy to possess with intent to distribute a controlled substance and guilty of attempt to possess with intent to distribute methylenedioxy amphtatamine ("MDA"), both in violation of 21 U.S.C. § 841(b)(1)(C). (Doc. 353).

Papillion was deemed to be accountable for 2,500 MDA pills, equivalent to 312.5 kilograms of marijuana, establishing a base offense level of 26. PSR ¶ 20. Papillion's base offense level was then enhanced to 34 after a career offender status was applied. PSR ¶ 28. Papillion's adult criminal history amounted to a total of 15 points. PSR ¶ 50. However, this was increased to 17 because Papillion committed the instant offense less than two years after release from prior term of imprisonment. PSR ¶¶ 51-52. Either a criminal score of 17 or a career offender determination independently establishes a criminal history category of VI. With a total offense level of 34 and a criminal history category of VI, the guideline imprisonment range was 262 to 327 months. Papillion was sentenced by Judge Haik (now retired) to 286 months imprisonment. Papillion appealed his conviction challenging the sufficiency of the evidence, and the Fifth Circuit affirmed his conviction. United States v. Papillion, 398 F. App'x 961, 961 (5th Cir. 2010); (Doc. 459).

Papillion's present motion request modification pursuant to 18 U.S.C. 3582(c)(1)(A). Specifically, Papillion claims extraordinary and compelling circumstances exist because nonretroactive changes in the law since his sentence was imposed result in a sentencing disparity between his sentence and the sentence of a hypothetical identically situated defendant sentenced today.

## II. LAW AND ANALYSIS

District courts are "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). The text of § 3582(c)(1)(A)(i) reads in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> > (A) the court, ... upon motion of the defendant ..., may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > > (i) extraordinary and compelling reasons warrant such a reduction;
> 
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

### A. Extraordinary and Compelling

Papillion claims extraordinary and compelling circumstances exist because if he were resentenced today, he would receive the benefit of certain nonretroactive changes. We disagree because those circumstances simply do not exist. If he were resentenced today, he would still be subject to the same enhancements he claims would no longer apply.

Papillion first claims a § 851 statutory enhancement would not apply today because the First Step Act ("FSA") amended the requirements necessary to apply statutory enhancements. It is true that the FSA changed the requisite showing to apply § 851 statutory enhancements for individuals convicted under § 841(b)(1)(A) and (b)(1)(B). FSA § 401. However, Papillion was convicted under § 841(b)(1)(C), and the FSA left intact the requisite showing to apply § 851 statutory enhancements for individuals convicted under § 841(b)(1)(C). Today, as was the case before the FSA, statutory enhancements to § 841(b)(1)(C) are applicable when "any person commits [a violation of § 841(b)(1)(C)] after a prior conviction for a felony drug offense has become final." "[T]he term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law ... that prohibits ... conduct

relating to ... drugs." 21 U.S.C. § 802(44). Notably, the term is based upon the sentence a defendant could have received as opposed to actually received. Thus, whether Papillion was sentenced to a year or less is immaterial to this definition. Two of Papillion's prior convictions meet the definition of felony drug offense. PSR ¶ 39, 43. As a result, the § 851 statutory enhancements would still apply to Papillion if he was resentenced today.

Papillion next claims a career offender status would not apply today. Pursuant to today's guidelines,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is ... a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Papillion argues that since the residual clause to the definition of a "crime of violence" was removed by nonretroactive amendment his prior conviction of battery against a police office would not qualify as a "crime of violence" if he were sentenced today, and thus he would not meet the definition of a career offender if sentenced today. Since the residual clause was removed,

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> 
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). Papillion was convicted of battery against a police officer after struggling with and ultimately injuring a deputy while fleeing arrest. PSR ¶ 35.

Papillion was sentenced to serve five years after pleading guilty, Id., and battery clearly includes "as an element the use ... of force against the person of another." Thus, Papillion's prior conviction for battery against a police office still amounts to a "crime of violence" for career offender determinations despite the removal of the residual clause from its definition.

Papillion's claim of extraordinary and compelling circumstance is entirely based upon a hypothetical sentencing disparity that does not exist. Accordingly, we do not need to determine whether Papillion's claim is extraordinary and compelling.

### B. Section 3553(a) factors

Even if we had found that reduction was authorized, consideration of the § 3553(a) factors does not favor Papillion. Prior to the instant offense, Papillion was convicted of numerous offenses including among others theft, battery, carjacking, possession of crack cocaine, and flight from an officer. PSR ¶¶ 33, 34-35, 37, 39, 43, 47-48; § 3553(a)(1)-(2). The nature and circumstances of Papillion's prior offenses giving rise to various enhancements have not been altered by congressional act or guideline amendments in anyway significant to Papillion. § 3553(a)(1), (4)(A). Home invasions, burglaries, and selling drugs are independently detrimental within a community; a three years long scheme to commit all three is heinous and lecherous upon a community. § 3553(a)(1)-(2). Because neither Congress nor the Sentencing Commission applied the claimed changes retroactively and because Papillion is ineligible regardless of whether the changes applied retroactively, reduction of his sentence would tend to increase "sentencing disparities among defendants with

similar records who have been found guilty of similar conduct." § 3553(a)(6). These factors weigh heavily against release.

III. **Conclusion**

For the reasons listed above, it is hereby **ORDERED** that Papillion's motion, (Doc. 692), for sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 21st day of October, 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT